PEOPLE v GLENN

Docket No. 302293. Submitted January 12, 2012, at Lansing. Decided
    February 28, 2012, at 9:10 a.m. Leave to appeal granted, 491 Mich
    934.

    Devon D. Glenn, Jr., was convicted in the Jackson Circuit Court
        following his pleas of guilty of armed robbery and felonious assault
        and was sentenced by the court, John G. McBain, J., to 18 to 30
        years' and 18 to 48 months' imprisonment for the respective
        convictions. The Court of Appeals granted defendant's delayed
        application for leave to appeal that alleged that the trial court
        erred by assessing 50 points for offense variable (OV) 7, MCL
        777.37 (aggravated physical abuse).

        The Court of Appeals held:

        1. Fifty points must be assessed for OV 7 if a victim was treated
    with sadism, torture, or excessive brutality or conduct designed to
    substantially increase the fear and anxiety a victim suffered
    during the offense. Defendant's conduct did not meet the defini-
    tion of "sadism" because no evidence showed that the victims were
    subjected to extreme or prolonged pain or humiliation. No evi-
    dence showed that the victims were subjected to torture or
    excessive brutality by defendant.

        2. A defendant's conduct may be found to have been designed
    to substantially increase the fear and anxiety a victim suffered
    during the offense only if the conduct was designed to cause
    copious or plentiful amounts of additional fear. Circumstances
    inherently present in the crime must be discounted for purposes of
    scoring OV 7. Because the use of a weapon is inherent in a
    felonious assault, the presence of a weapon and the use of a certain
    amount of force or intimidation during a felonious assault must be
    discounted for purposes of OV 7. All such crimes against a person
    involve the infliction of a certain amount of fear and anxiety. OV 7
    is designed to respond to particularly heinous instances in which
    the defendant acted to increase that fear by a substantial or
    considerable amount. Although defendant may have used more
    violence than would be strictly necessary to complete an armed
    robbery, it cannot be said that defendant's conduct was designed to
    substantially increase the victims' fear and anxiety beyond the

fear and anxiety that occurs in most armed robberies. The trial court erred by assessing 50 points for OV 7.

Sentences vacated and case remanded for resentencing.

1. SENTENCES — OFFENSE VARIABLE 7 — WORDS AND PHRASES — SADISM — TORTURE — EXCESSIVE BRUTALITY.

"Sadism" for purposes of scoring offense variable 7 (aggravated physical abuse) is conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification; "torture" is the act of inflicting excruciating pain, as punishment or revenge, as a means of getting a confession or information, or for sheer cruelty; "excessive brutality" is savagery or cruelty beyond even the usual brutality of a crime (MCL 777.37).

2. SENTENCES — OFFENSE VARIABLE 7 — CONDUCT SUBSTANTIALLY INCREASING VICTIM'S FEAR AND ANXIETY.

A defendant's conduct may be found to have substantially increased the victim's fear and anxiety for purposes of scoring offense variable 7 (aggravated physical abuse) only if the conduct was designed to cause copious or plentiful amounts of additional fear beyond the fear and anxiety that are an inherent part of the crime; circumstances inherently present in the crime must be discounted for purposes of scoring the offense variable (MCL 777.37).

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Henry C. Zavislak*, Prosecuting Attorney, and *Jerrold Schrotenboer*, Chief Appellate Attorney, for the people.

*Linda D. Ashford, P.C.* (by *Linda D. Ashford*), for defendant.

Before: BECKERING, P.J., and OWENS and SHAPIRO, JJ.

PER CURIAM. We granted defendant's delayed application for leave to appeal the sentences of imprisonment for 18 to 30 years and 18 to 48 months imposed following his plea-based convictions of armed robbery, MCL 750.529, and felonious assault, MCL 750.82, respectively. The only question is whether the trial court properly assessed 50

points for offense variable (OV) 7, MCL 777.37 (aggravated physical abuse). Fifty points can be assessed under OV 7 for "sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered . . . ." MCL 777.37(1)(a). The prosecution does not contend that defendant's actions amounted to sadism, torture, or excessive brutality and instead contends that defendant's conduct was designed to substantially increase the fear and anxiety a victim suffered.

Defendant's conduct was reprehensible, and his actions were undoubtedly designed to cause fear and anxiety in his victims, as is the conduct in all armed robberies. However, because OV 7, by its own terms, is to be scored at 50 points only for conduct "designed to substantially increase the fear and anxiety" of a victim, we conclude that zero points should have been assessed for OV 7. We therefore vacate defendant's sentences and remand for resentencing.

## I. FACTS

Defendant robbed a gas station/party store. He entered the gas station carrying an airsoft[1] shotgun that appeared to be an actual sawed-off shotgun. When defendant entered the store, he struck a clerk on the left side of the head with the butt of the gun, knocking him to the ground. Defendant directed the clerks to move behind the counter and open the store's cash register and safe. Defendant took the money, hit the other clerk on the head with the butt of the airsoft gun, and fled the premises. Neither victim suffered serious physical injuries, and neither required medical care.

---

[1] An airsoft gun fires small plastic BBs using compressed air as the propellant and is used as a weapon in recreational mock-combat games. See *Yao v State*, 953 NE2d 1236, 1238-1239 (Ind App, 2011).

Defendant pleaded guilty to charges of armed robbery and felonious assault.[2] At sentencing, the trial court, over defendant's objection, assessed 50 points for OV 7, MCL 777.37. The sentencing guidelines recommended a minimum sentence in the range of 126 to 210 months for armed robbery. If OV 7 had been scored at zero points, the guidelines would have recommended a minimum sentence in the range of 81 to 135 months.[3]

## II. ANALYSIS

This Court reviews a trial court's scoring of the sentencing guidelines to determine whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score. *People v Lechleitner*, 291 Mich App 56, 62; 804 NW2d 345 (2010). To the extent that a scoring issue calls for statutory interpretation, review is de novo. *Id.*

MCL 777.37(1)(a) provides that 50 points must be assessed for OV 7 if "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." Defendant argues that the trial court erred by assessing 50 points for OV 7 because his conduct did not fall within the statute.

"Sadism" is defined by the statute as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." MCL 777.37(3). Defendant's conduct does not meet the definition of "sadism"

---

[2] The charge of felonious assault resulted from an incident that occurred while defendant and a codefendant fled from the gas station and the codefendant pointed the shotgun at the occupant of a vehicle.

[3] On the count of felonious assault, a score of zero points for OV 7 would result in a recommended minimum-sentence range of 2 to 17 months instead of 5 to 23 months.

because no evidence showed that the victims were subjected to extreme or prolonged pain or humiliation. No evidence showed that the victims were subjected to torture. "Torture" is not defined by statute; therefore, this Court may consult a dictionary to determine its ordinary meaning. *People v Peals*, 476 Mich 636, 641; 720 NW2d 196 (2006). *Random House Webster's College Dictionary* (2d ed, 1997) defines "torture" as "the act of inflicting excruciating pain, as punishment or revenge, as a means of getting a confession or information, or for sheer cruelty." No evidence showed that defendant inflicted excruciating pain on the victims.

Similarly, there is no evidence that defendant used excessive brutality. "Excessive" and "brutality" are not defined in MCL 777.37. *Random House Webster's College Dictionary* (2d ed, 1997) defines "excessive" as "going beyond the usual, necessary, or proper limit or degree[.]" "Brutality" is defined as "the quality of being brutal[.]" *Id.* "Brutal," in turn, is defined as "savage; cruel; inhuman" or "harsh; severe[.]" *Id.* Thus, excessive brutality means savagery or cruelty beyond even the "usual" brutality of a crime. Defendant struck each victim once in the head, but there is no evidence that either clerk was injured. This behavior, while certainly illegal and reprehensible, was not savage or inhuman in comparison with behavior that has occurred during other armed robberies or felonious assaults.

The prosecution argues, however, that defendant's conduct was "designed to substantially increase the fear and anxiety a victim suffered during the offense." "Substantial" means "of ample or considerable amount, quantity, size, etc." *Id.* "Ample," in turn, is defined as "plentiful[;] . . . liberal; copious[.]" *Id.* Therefore, defendant's conduct would have substantially increased the victims' fear only if the conduct was designed to

cause copious or plentiful amounts of additional fear. Further, "[w]hen construing a series of terms . . . we are guided by the principle 'that words grouped in a list should be given related meaning.' " *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 533; 697 NW2d 895 (2005) (citation omitted).[4] That is, while the term at issue must have a meaning independent of "sadism," "torture," and "excessive brutality," it should nonetheless be construed to cover similarly egregious conduct. The conclusion that the Legislature intended OV 7 to apply only in egregious cases is also supported by the fact that assessing 50 points under OV 7, on its own, is enough to raise an offender's OV level to III, considerably increasing a criminal's minimum-sentence range. Moreover, an overly broad reading of the term at issue would obviate the need for the other terms in the list. We must " 'avoid an interpretation that would render any part of the statute surplusage or nugatory.' " *Griffith*, 472 Mich at 533-534, quoting *State Farm Fire & Cas Co v Old Republic Ins Co*, 466 Mich 142, 146; 644 NW2d 715 (2002). In *People v Hunt*, 290 Mich App 317, 324-325; 810 NW2d 588 (2010), this Court undertook a survey of the OV 7 caselaw, which demonstrates the types of conduct "designed to substantially increase" victims' fear and anxiety:

> Cases upholding scores of 50 points for OV 7 are distinguishable because they involve specific acts of sadism, torture, or excessively brutal acts by the defendant. In *People v Wilson*, 265 Mich App 386, 396–398; 695 NW2d 351 (2005), the defendant was convicted of assault with intent to commit great bodily harm less than murder after inflicting a prolonged and severe beating that left lasting

---

[4] This rule is derived from the principle of *noscitur a sociis*, which holds that " 'the meaning of statutory language, plain or not, depends on context.' " *Griffith*, 472 Mich at 533, quoting *King v St Vincent's Hosp*, 502 US 215, 221; 112 S Ct 570; 116 L Ed 2d 578 (1991).

and serious effects. The defendant in that case choked the victim a number of times, cut her, dragged her, and kicked her in the head. After her hospital stay, the victim was in a wheelchair for three weeks and used a cane for another three weeks. In another case in which 50 points were assessed for OV 7, the defendant was convicted of kidnapping, felonious assault, and felony-firearm after he held the victim at gunpoint for nine hours, made her look down the barrel of a gun, repeatedly threatened to kill her and himself, and asked her what her son would feel like when he saw yellow crime tape around his mother's house. *People v Mattoon*, 271 Mich App 275, 276; 721 NW2d 269 (2006), and *People v Mattoon*, unpublished opinion per curiam of the Court of Appeals, issued October 18, 2007 (Docket No. 272549) (after remand). Similarly, in *People v Hornsby*, 251 Mich App 462, 468-469; 650 NW2d 700 (2002), the defendant pointed a gun at the victim, cocked it, and repeatedly threatened the victim and others in a store. In *People v Kegler*, 268 Mich App 187, 189-190; 706 NW2d 744 (2005), the defendant removed the victim's clothes, assisted with carrying him naked outside, and admitted that she wanted to humiliate him by leaving him outside naked. In *People v James*, 267 Mich App 675, 680; 705 NW2d 724 (2005), the defendant repeatedly stomped on the victim's face and chest and deprived the victim of oxygen for several minutes, causing him to sustain brain damage and become comatose. And in *People v Horn*, 279 Mich App 31, 46-48; 755 NW2d 212 (2008), the defendant terrorized and abused his wife with recurring and escalating acts of violence, including threatening to kill her. [Emphasis omitted.]

Further, circumstances inherently present in the crime must be discounted for purposes of scoring an OV. *Id.* at 326. For example, "[t]ransportation to a place of greater danger is appropriately scored under OV 8 [MCL 777.38], but must be given a score of zero points when . . . the sentencing offense is kidnapping." *Id.* Armed robbery requires the use of a dangerous weapon during a robbery. MCL 750.529. A robbery occurs when, in the course of a larceny, the defendant "uses force or

violence against any person who is present, or . . . assaults or puts the person in fear . . . ." MCL 750.530(1). As noted by the *Hunt* Court, the use of a weapon is inherent in a felonious assault. See *Hunt*, 290 Mich App at 326; MCL 750.82(1). Therefore, the presence of a weapon and the use of a certain amount of force or intimidation must be discounted for purposes of OV 7. All such crimes against a person involve the infliction of a certain amount of fear and anxiety. OV 7 is designed to respond to particularly heinous instances in which the criminal acted to increase that fear by a substantial or considerable amount.

While defendant may have used more violence than would be strictly necessary to complete an armed robbery, it cannot be said that his conduct was "designed to substantially increase the fear and anxiety" beyond the fear and anxiety that occurs in most armed robberies. The plain language of OV 7 reveals that it was meant to be scored in particularly egregious cases involving torture, brutality, or similar conduct designed to *substantially* increase the victim's fear, not in every case in which some fear-producing action beyond the bare minimum necessary to commit the crime was undertaken.

The trial court erred by assessing 50 points for OV 7. Defendant is entitled to resentencing because the proper guidelines score results in a different recommended minimum-sentence range. *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006).

Vacated and remanded for resentencing. We do not retain jurisdiction.

BECKERING, P.J., and OWENS and SHAPIRO, JJ., concurred.