# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDREW PEDRO VALDEZ,

        Defendant-Appellant.

UNPUBLISHED
October 23, 2014

No. 313075
Kent Circuit Court
LC No. 11-010829-FH

Before: FITZGERALD, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

A jury convicted defendant of first-degree child abuse, MCL 750.136b(2), and the trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to a prison term of 175 to 270 months. Defendant appeals as of right. We affirm.

During an argument with his girlfriend, defendant picked up his girlfriend's infant son and yanked him out of a car seat. Later that day, defendant's girlfriend took the child to the hospital, where doctors discovered multiple rib fractures, other broken bones, and bruises. At a police interview regarding the child's injuries, defendant explained that the safety strap covering the child's chest and legs was still on the child when defendant yanked him out of the car seat. Defendant first grabbed the child's arm, and then grabbed and squeezed his body. When defendant pulled on the child, the child's legs got caught in the straps and the child cried out. After the interview, defendant called his mother and told her, "I'm the one that did it, ok?"

Defendant first argues that insufficient evidence existed to support his conviction. "A person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical or serious mental harm to a child." MCL 750.136b(2). First-degree child abuse is a specific intent crime, and the prosecution must establish that defendant intended to commit the act, and that defendant intended to cause serious physical harm or knew that serious physical harm would be caused by his act. *People v Maynor*, 470 Mich 289, 297; 683 NW2d 565 (2004). Defendant admitted to performing the act that caused the child's injuries. See *People v Lundy*, 467 Mich 254, 257; 650 NW2d 332 (2002). The child suffered multiple rib fractures, other broken bones, and bruises. A medical expert, Sarah Brown, testified at trial that defendant's actions could have caused the rib fractures and injuries. "Serious physical harm" includes "a skull or bone fracture." MCL 750.136b(1)(f). Thus, a rational trier of fact could conclude beyond a reasonable doubt, *People v Roper*, 286 Mich App 77, 83; 777 NW2d 483 (2009), that

-1-

defendant caused serious physical harm to the child.

Defendant argues that there was insufficient evidence to show that he caused the arm and leg injuries. Defendant points out that Brown expressed doubt that defendant caused these injuries. However, for defendant to be convicted of first-degree child abuse, the evidence needed to establish at a minimum the causing of "a skull or bone fracture." MCL 750.136b(1)(f). Thus, the evidence that defendant caused the child's rib fractures by itself was sufficient to support his conviction. *Id*. Moreover, Brown indicated that there was a "very small possibility" that these arm and leg injuries were caused by defendant's acts. "[A] jury is free to believe or disbelieve, in whole or in part, any of the evidence presented," *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999), and "[a]ll conflicts in the evidence must be resolved in favor of the prosecution." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

The evidence was also sufficient to allow a rational trier of fact to conclude that defendant possessed sufficient intent to commit first-degree child abuse. Defendant admitted to performing the act that caused the child's injuries. The child suffered multiple broken bones, fractures, and bruises that required hospitalization. Despite the child's injuries, defendant did not call for help or take the child to the hospital. Brown testified that the child's injuries were caused by "excessive force." Although defendant said that he did not mean to hurt the child, circumstantial evidence, such as defendant's statement admitting his actions, the severity of the injuries, the fact that the injuries were caused by "excessive force," and the fact that defendant did not seek aid and even informed his girlfriend that the child did not need to be hospitalized, suffice to establish defendant's intent. See *People v Pena*, 224 Mich App 650, 660; 569 NW2d 871 (1997).

Defendant next argues that the trial court violated MRE 404(b) by admitting evidence pertaining to his past abuse directed at his girlfriend and her daughter, as well as evidence pertaining to his poisoning of his girlfriend's cats. Defendant failed to preserve this argument by objecting to admission of the evidence. We review unpreserved issues for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). We find no plain error affecting substantial rights exists. *Id*. Even assuming that the evidence was improperly admitted, any error in admitting the evidence was harmless in light of the overwhelming evidence that defendant committed the acts that injured the child, that defendant's description of what occurred was consistent with causing the rib fractures, and that defendant had the requisite intent.

Defendant also argues that the trial court erred in scoring offense variables (OVs) 3 and 7. A trial court should score OV 3 at 25 points when "[l]ife threatening or permanent incapacitating injury occurred to a victim." MCL 777.33(1)(c). The child suffered multiple rib fractures, broken bones, and had bruises on his body. He required medical attention and hospitalization for multiple days. According to a letter that the child's mother submitted at sentencing, a hospital staff member informed her that if she had brought the child to the hospital any later, "he may not have made it through the night due to the severity of the pain he was going through." In addition, the letter noted that the child was being treated for a bowel

obstruction injury resulting from the injuries caused by defendant.[1]  We thus find that a preponderance of the evidence, *People v Hardy*, 494 Mich 430; 438; 835 NW2d 340 (2013), supports a finding that the child suffered "[l]ife threatening or permanent incapacitating injury," and the trial court did not err scoring OV 3.  Next, a trial court should score OV 7 at 50 points if a victim was treated with "excessive brutality."  MCL 777.31(1)(a).  "[E]xcessive brutality means savagery or cruelty beyond even the 'usual' brutality of a crime."  *People v Glenn*, 295 Mich App 529, 533; 814 NW2d 686 (2012), rev'd on other grounds *Hardy*, 494 Mich 430.  For defendant to be convicted of first-degree child abuse, the evidence needed at a minimum to establish the causing of "a skull or bone fracture."  MCL 750.136b(1)(f).  Here, the evidence established that defendant's conduct resulted in multiple rib fractures, other broken bones, and bruises.  Thus, we find that a preponderance of the evidence, *Hardy*, 494 Mich at 438, supports a finding that defendant's conduct constituted excessive brutality.  *Glenn*, 295 Mich App at 533.  The trial court did not err in scoring OV 7.  MCL 777.31(1)(a).

Lastly, defendant argues that the trial court engaged in judicial fact-finding during sentencing in violation of the Sixth and the Fourteenth Amendments.  This argument has been addressed and rejected in *People v Herron*, 303 Mich App 392; 845 NW2d 533 (2013).

Affirmed.

/s/ E. Thomas Fitzgerald
/s/ David H. Sawyer

---

[1] Contrary to defendant's contention, MCL 777.33(1)(c) "does not require the prosecution to specifically present medical testimony."  *People v McCuller*, 479 Mich 672, 697; 739 NW2d 563 (2007).