# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 22, 2015

Plaintiff-Appellee,

v

No. 317362
Kent Circuit Court
LC No. 12-009839-FH

NATHANIEL DAVID SWEET,

Defendant-Appellant.

Before: RIORDAN, P.J., and MARKEY and WILDER, JJ.

PER CURIAM.

Defendant, Nathaniel David Sweet, appeals as of right his jury trial conviction of first-degree child abuse, MCL 750.136b(2). Defendant brutally assaulted his girlfriend's nine-month old child.[1] The child suffered multiple skull fractures, retinal hemorrhaging in both of her eyes, and needed emergency neurosurgery in order to save her life. Defendant was sentenced to 24 to 50 years' imprisonment. We affirm.

## I. OTHER ACTS EVIDENCE

## A. STANDARD OF REVIEW

Defendant first contends that he was deprived of a fair trial when the trial court allowed evidence of his prior acts of domestic violence. "The admissibility of other acts evidence is within the trial court's discretion and will be reversed on appeal only when there has been a clear abuse of discretion." *People v Waclawski*, 286 Mich App 634, 669-670; 780 NW2d 321 (2009). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "When the decision involves a preliminary question of law however, such as whether a rule of evidence precludes admission, we review the question de novo." *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). Reversal is not required "unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was

---

[1] The assault occurred on October 3, 2012, two days before the child's nine month birthday.

-1-

outcome determinative." *People v Knapp*, 244 Mich App 361, 378; 624 NW2d 227 (2001) (quotation marks and citation omitted).

## B. ANALYSIS

The disputed evidence originates from defendant's conversation with the police. In the course of the conversation, defendant admitted that he assaulted his former girlfriend on two occasions. The trial court ruled that this evidence was admissible under MCL 768.27b(1), which provides:

> Except as provided in subsection (4), in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if it is not otherwise excluded under Michigan rule of evidence 403.

"The language of MCL 768.27b clearly indicates that trial courts have discretion to admit relevant evidence of other domestic assaults to prove any issue, *even the character* of the accused, if the evidence meets the standard of MRE 403." *People v Cameron*, 291 Mich App 599, 609; 806 NW2d 371 (2011) (emphasis added; quotation marks and citation omitted). See also *People v Railer*, 288 Mich App 213, 219-20; 792 NW2d 776 (2010) ("MCL 768.27b permits evidence of prior domestic violence in order to show a defendant's character or propensity to commit the same act.").

The defendant was charged with first-degree child abuse of his girlfriend's infant daughter. Because defendant lived with the child, she was a "family or household member." MCL 768.27b(5)(b)(*ii*). The child abuse charge constituted an act of domestic violence, as defined by statute. See MCL 768.27b(5)(a)(*i*) ("Domestic violence or offense involving domestic violence" includes "[c]ausing or attempting to cause physical or mental harm to a family or household member."). Likewise, defendant assaulting his ex-girlfriend constituted "domestic violence" because defendant had a dating relationship with her, MCL 768.27b(5)(b)(*iii*)-(*iv*), and defendant caused her physical harm, MCL 768.27b(5)(a)(*i*). The prior acts occurred within 10 years of the charged offense, MCL 768.27b(4).

Thus, the only remaining inquiry is if the evidence should have been excluded under MRE 403, which provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "All relevant evidence is prejudicial; it is only unfairly prejudicial evidence that should be excluded. Unfair prejudice exists when there is a tendency that evidence with little probative value will be given too much weight by the jury." *People v McGhee,* 268 Mich App 600, 613-614; 709 NW2d 595 (2005) (citation omitted). The evidence of defendant's previous domestic assaults had significant probative value in this case. Such evidence demonstrated defendant's tendency to assault those vulnerable around him with whom he had a domestic relationship. *Cameron,* 291 Mich App at 609, 612.

Nor was the probative value substantially outweighed by the danger of unfair prejudice. Not only were defendant's statements about the prior assaults relatively brief, they paled in comparison to the brutal acts defendant was charged with in this case. See *Railer*, 288 Mich App at 220 (the prior acts evidence "was brief and not nearly as graphic or violent as defendant's transgressions" in the instant case). Thus, "[w]hile this evidence was certainly damaging and prejudicial—as is most evidence presented against a criminal defendant—it was by no means inflammatory, nor did it interfere with the jury's ability to logically weigh the evidence." *Id.* at 220-221. Lastly, "the trial court minimized the prejudicial effect of the bad-acts evidence by instructing the jury that the issue in this case was whether [defendant] committed the charged offense." *Cameron*, 291 Mich App at 612. Defendant has not established a due process violation and is not entitled to a new trial.

## II. POLICE OFFICER TESTIMONY

### A. STANDARD OF REVIEW

Defendant next contends that he was deprived of a fair trial because of the admission of improper opinion testimony from the detective who interviewed him. "This Court reviews a trial court's decision to admit or exclude evidence for an abuse of discretion." *People v Dobek*, 274 Mich App 58, 93; 732 NW2d 546 (2007). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *Unger*, 278 Mich App at 217. When the decision involves a preliminary question of law, such as the interpretation of the Michigan Rules of Evidence, our review is *de novo*. *Dobek*, 274 Mich App at 93. "A trial court necessarily abuses its discretion when the court permits the introduction of evidence that is inadmissible as a matter of law." *Id.* Ultimately, "[a]n error in the admission or exclusion of evidence will not warrant reversal unless refusal to do so appears inconsistent with substantial justice or affects a substantial right of the opposing party." *Id.*

### B. ANALYSIS

Defendant challenges the police officer's testimony about interrogation techniques and that police officers look for responses from suspects to see if the reactions are normal or appropriate. Defendant contends this was improper, as it invaded the jury's role in evaluating and weighing the evidence.

Defendant's argument has no merit. In the passage defendant cites on appeal, at no time did the officer offer his opinion about defendant's mental state or whether defendant was guilty. Instead, the officer simply described general techniques police officers used in the course of investigating a crime. Even if improper, it was harmless beyond a reasonable doubt. *Dobek*, 274 Mich App at 93; MCR 2.613(A). Defendant is not entitled to a new trial.

## III. SENTENCING

### A. STANDARD OF REVIEW

Lastly, defendant challenges the trial court's scoring of Offense Variables (OVs) 4, 7, and 10, inaccuracies in the presentence investigation report, and the sentencing departure. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error

and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* In regard to the sentencing departure:

> If the trial court departs from the sentencing guidelines, this Court reviews for clear error whether a particular factor articulated by the trial court exists. A trial court's determination that a factor is objective and verifiable presents a question of law that this Court reviews de novo. This Court reviews for an abuse of discretion the trial court's conclusion that the factors provide substantial and compelling reasons to depart from the guidelines. The trial court abuses its discretion when its result lies outside the range of principled outcomes. [*People v Anderson*, 298 Mich App 178, 184; 825 NW2d 678 (2012) (quotation marks and citation omitted).]

"The trial court's response to a claim of inaccuracies in the presentence investigation report is reviewed for an abuse of discretion. A court abuses its discretion when it selects an outcome outside the range of reasonable and principled outcomes." *Waclawski*, 286 Mich App at 689 (citation omitted).

## B. OV 7

Defendant contends that the trial court erred in scoring 50 points under OV 7. "Offense variable 7 is aggravated physical abuse" and warrants a score of 50 points when "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). Although the statute does not define "excessive brutality," we "presume that the Legislature intended for the words to have their ordinary meaning." *Hardy*, 494 Mich at 440. We have previously defined "excessive brutality" as "savagery or cruelty beyond even the usual brutality of a crime." *People v Glenn*, 295 Mich App 529, 533; 814 NW2d 686 (2012), rev'd on other grounds sub nom 494 Mich 430 (2013).

Defendant objected to the trial court's scoring, contending that the harm the child suffered already was accounted for in the underlying crime. First-degree child abuse occurs when a person causes serious physical or serious mental harm to a child. MCL 750.136b(1)(f), (2). "Serious physical harm" is defined as "any physical injury to a child that seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut." MCL 750.136b. Here, the baby did not suffer one of these qualifying injuries. Rather, she sustained multiple, serious injuries that required weeks of hospitalization.

After suffering a seizure, the nine-month old was rushed to the hospital. She had multiple skull fractures and extensive retinal hemorrhages in several layers of both eyes. There was extensive swelling and bleeding in her brain. Her brain swelled to the extent that it was pushing down toward her neck, called brain herniation, which leads to death. She had to be

-4-

intubated and placed on a ventilator. Without surgery, death was imminent. The doctor described her injuries as, "as life threatening as you can get without actually dying." The baby was rushed into neurosurgery and the doctor described her gruesome condition after the surgery as follows: "So her scalp was quite swollen, half of her head was shaved. She had a very large incision across her head, and drains allowing blood to continue to drain out of the space between her brain and her skull." The doctor testified that the baby "sustained at least two different impacts to her head" both of which were "significantly violent." The doctor confirmed that the injuries were consistent with throwing the baby across the room or slamming her down as hard as possible. The only way the injuries resulted from an accident was if the baby had been dropped from a distance of three or more stories.

The baby spent weeks in the hospital and at a rehabilitation center. The child's mother testified that the doctors will not know the full effect of the damage until the baby is older, but "her reading and writing and mathematical skills are probably gone, they don't know if she will ever be able to read or write" and "there's a good chance that she won't be able to speak."

Considering the severity, multitude, and potential permanency of the baby's injuries, the trial court properly found that defendant committed "savagery or cruelty beyond even the usual brutality of" first-degree child abuse. *Glenn*, 295 Mich App at 533. This was a nine-month old baby who could not possibly avoid or defend herself against defendant, nor could she tell anyone that she was injured. We find no error in a score of 50 points for OV 7.

## C. OV 10

Defendant next contends that the trial court erred in scoring 10 points under OV 10. Pursuant to MCL 777.40, a trial court may score 10 points under OV 10 for exploitation of a vulnerable victim. The statute defines "vulnerability" as "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c). A score of 10 points is warranted when the defendant "exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). To "exploit" is defined as "to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). A domestic relationship can be one that is "familial or cohabitating." *People v Jamison*, 292 Mich App 440, 447; 807 NW2d 427 (2011).

The "mere existence" of one of these factors "does not automatically equate with victim vulnerability." MCL 777.40(2). "Accordingly, to merit a score of 10 points for OV 10, a defendant must have manipulated" a victim's youth "for a selfish or unethical purpose and the victim's vulnerability must have been readily apparent." *People v Needham*, 299 Mich App 251, 255; 829 NW2d 329 (2013). Thus, "to be exploited the victim must actually have been vulnerable." *People v Dillard*, 303 Mich App 372, 380; 845 NW2d 518 (2013).

The baby in this case was vulnerable, and that vulnerability was readily apparent. *Needham*, 299 Mich App 251. She was nine months old and completely at defendant's mercy. She could not speak nor defend herself from defendant's physical aggression. Thus, she was "susceptible to injury." MCL 777.40(3)(c). Moreover, there was sufficient evidence that defendant exploited the domestic relationship, which gave him access to the baby, and exploited

her youth and vulnerability. The baby was acting normal when her mother was present. Defendant offered to watch the baby while her mother went to pick up the other child.

After orchestrating a situation in which he was left alone with the baby, defendant brutally attacked her. He left her in such a state that she would have died but for the mother eventually realizing something was amiss. As discussed at length in the context of OV 7, the baby had such tremendous injuries that she almost died. Based on the foregoing, we find no error in the scoring of OV 10 for exploitation of a vulnerable victim.

Although defendant also challenges the scoring of OV 4, because any scoring error in this regard "does not alter the appropriate guidelines range, resentencing is not required." *People v Crews*, 299 Mich App 381, 387 n 3; 829 NW2d 898 (2013) (quotation marks and citation omitted).

## D. PRESENTENCE INVESTIGATION REPORT

Defendant also contends that he is entitled to resentencing because his presentence investigation report (PSIR) contained "inflammatory statements" about his mental health history, which were not supported by record evidence. However, defendant made these arguments below, and the trial court overruled them. MCR 6.425(A)(2). On appeal, defendant merely asserts that the trial court erred, but fails to demonstrate the threshold issue: that the PSIR was, indeed, inaccurate. While defendant claims the PSIR was not based on "record support," it is unclear what defendant means, as MCR 6.425(A)(1) allows for information in the PSIR beyond what might have been admitted at trial. See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) (quotation marks and citation omitted) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority."). Defendant has not demonstrated that he is entitled to resentencing.

## E. SENTENCING DEPARTURE

Lastly, defendant challenges the trial court's imposition of a sentencing departure. The legislative sentencing guidelines provide a range for a defendant's minimum sentence. *Anderson*, 298 Mich App at 183. A trial court may depart from that range if substantial and compelling reasons exist, and the trial court divulges those reasons on the record. *Id.* In order to be substantial and compelling, the reasons relied on must be objective and verifiable, which means "based on actions or occurrences external to the minds of those involved in the decision, and must be capable of being confirmed." *Id.* (quotation marks and citation omitted). The reasons for departure must "be of considerable worth in determining the length of the sentence and should keenly or irresistibly grab the court's attention." *Id.* (quotation marks and citation omitted). The "court shall not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b). "When the trial court articulates several substantial and compelling reasons, if some of the reasons are valid and others are not, this Court must determine whether the trial court would have departed to the same degree on the basis of the valid reasons alone. If the trial

court would have imposed the same sentence regardless of a misunderstanding of the law, this Court may affirm." *Anderson*, 298 Mich App at 191 (citation omitted).

Defendant's sole challenge on appeal is that the factors the trial court relied on were already addressed in the guidelines, and that substantial and compelling reasons were absent. The trial court articulated four reasons for the upward departure: (1) the overwhelming amount of physical force used to injure the victim; (2) the severe and long-term nature of the injuries; (3) defendant's other acts of child abuse; and (4) the minimal likelihood for rehabilitation.

The extreme amount of force defendant used is an objective and verifiable fact, and constituted substantial and compelling reasons to depart. It also keenly grabs the court's attention, and is of considerable worth. *Anderson*, 298 Mich App at 183. The same is true for the second factor, the severity and permanency of the injuries inflicted. The trial court properly found that such factors were either unaccounted for in the guidelines, or given inadequate weight. Likewise, the evidence of the uncharged acts of domestic violence was objective and verifiable, and substantial and compelling. There was ample testimony that the baby had suffered other prior incidents of abuse, evidenced by bruises and broken ribs in various stages of healing, and that defendant was responsible.

To the extent that the fourth factor may have been inappropriate, the trial court made it clear that it would have departed to the same extent regardless. *Anderson*, 298 Mich App at 191. Further, the trial court justified the extent of the departure. See *Smith*, 482 Mich at 304 (appellate review is aided when the trial court hypothesizes a sentence based on the sentencing grid). The court found that based on the several substantial and compelling reasons, two blocks over on the sentencing grid would be the "truly proportional sentence." See *id.* at 304 ("To be proportionate, a minimum sentence that exceeds the guidelines recommendation must be more appropriate to the offense and the offender than a sentence within the guidelines range would have been."). We find no error in the imposition of the sentencing departure.

## IV. CONCLUSION

There was no evidentiary or sentencing error warranting reversal. We have reviewed all remaining claims and find them to be without merit. Defendant is not entitled to a new trial, an evidentiary hearing, or resentencing. We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Kurtis T. Wilder