*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL BRIAN EDICK,

        Defendant-Appellant.

UNPUBLISHED
February 27, 2020

No. 347349
Shiawassee Circuit Court
LC No. 2018-002369-FH

Before: BORRELLO, P.J., and METER and RIORDAN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] from his conviction after a guilty plea to attempted assault with intent to do great bodily harm less than murder/assault by strangulation (attempted AIGBH), MCL 750.84. Defendant does not challenge his conviction on appeal, but rather argues that the trial court erred by scoring Offense Variable 7 (OV 7) at 50 points en route to sentencing defendant, as a second-offense habitual offender, MCL 769.10, to a prison term of 47 to 90 months. We affirm.

The relevant victim in this case, defendant's girlfriend at the time, shared a room with defendant in a house with multiple tenants. The girlfriend testified that she was sleeping in the room while defendant was at a friend's house and awoke to defendant holding his hands around her throat and choking her. The girlfriend gave a statement that defendant was yelling at her and attempted to strangle her three times. The girlfriend tried to get defendant to stop by waving her arms and yelling, but she eventually lost consciousness. The next thing the girlfriend remembered was waking up in a rocking chair and talking with a police officer.

Another tenant at the home heard the altercation and tried to intervene. The tenant testified that he and defendant scuffled briefly and then fell down the stairs; the tenant suffered a dislocated shoulder in the fall and also had a laceration to his head. A bloody box cutter was found at the

---

[1] *People v Edick*, unpublished order of the Court of Appeals, entered March 1, 2019 (Docket No. 347349).

scene, but the record is unclear whether the tenant suffered the laceration as a result of the fall or as a result of an attack with the box cutter. After the fall, defendant returned to his bedroom with the victim. The tenant testified that he hid in a different room and called for emergency services. The tenant did not see defendant again until the police arrived, but heard more yelling.

Defendant pleaded guilty to one count of attempted AIGBH for his attack on his girlfriend.[2] For his part, defendant admitted choking his girlfriend, but stated, "I wasn't aware that I was harming her until I recognized that I was." At the sentencing hearing, the parties disputed whether the trial court should score OV 7 at 50 points for excessively brutal conduct or conduct designed to prolong the victim's anxiety or fear. The trial court ultimately assigned 50 points for OV 7, indicating that defendant's conduct was excessively brutal and was designed to increase the victim's fear. This appeal followed.

On appeal, defendant argues only that the trial court erred by scoring OV 7 at 50 points. The proper interpretation and application of the sentencing guidelines is a legal question that this Court reviews de novo. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Lampe*, 327 Mich App 104, 111; 933 NW2d 314 (2019) (internal citation and quotation marks omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

OV 7 scores for "aggravated physical abuse." MCL 777.37(1). Scoring under this OV is bifurcated: the trial court should score OV 7 at 50 points if a "victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense"; conversely, a zero-point score indicates that these factors were not present. MCL 777.37(1)(a),(b). As relevant here, "excessive brutality" and "conduct designed to substantially increase the fear and anxiety a victim suffered" are distinct avenues for scoring OV 7. *People v Walker*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 343844); slip op at 6. "In other words, if a defendant treated a victim with excessive brutality, 50 points should be scored under OV 7 even if the defendant did not intend to substantially increase the victim's fear and anxiety." *Id*.

Excessive brutality refers to "savagery or cruelty beyond even the 'usual' brutality of a crime." *People v Glenn*, 295 Mich App 529, 533; 814 NW2d 686 (2012), rev'd on other grounds sub nom *Hardy*, 494 Mich 441-442. In this case, the defendant attacked the victim on three occasions,[3] repeatedly yelled at her, and refused to ignore her attempts to cause him to cease the

---

[2] Defendant was also charged for his assault on the tenant, but that charge was dropped.

[3] Defendant appears to argue that the trial court violated his right to due process by relying on the victim's statement that defendant attempted to choke her three times, because this statement was not made at the time of defendant's plea. Defendant, however, has not adequately briefed this

attack. Although the victim's recollection of the events was somewhat hazy, a reasonable inference from the record is that the neighbor tenant interrupted the attack. Defendant, however, would not relent and, after he had finished choking the tenant and possibly attacking him with a knife, resumed his attack on the victim, not ceasing until she lost consciousness. This conduct indicates an unrelenting lust for violence far beyond what would be sufficient to commit the charged act. Accordingly, we are not left with a definite and firm conviction that the trial court erred by scoring OV 7 at 50 points for excessive brutality.[4]

Affirmed.

/s/ Stephen L. Borrello
/s/ Patrick M. Meter
/s/ Michael J. Riordan

---

issue to warrant our consideration of it; moreover, defendant failed to include this due-process issue in his statement of questions presented. Accordingly, to the extent that defendant has attempted to raise this issue, he has abandoned it. *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009); *People v Miller*, 326 Mich App 719, 739; 929 NW2d 821 (2019); MCR 7.212(C)(5).

[4] Given this conclusion, we need not address the trial court's alternate finding that defendant's conduct was designed to substantially increase the victim's fear.