*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLICATION
March 2, 2023

Plaintiff-Appellee,

v

No. 359163
Wayne Circuit Court
LC No. 14-005836-01-FC

TARANADA CARSON, JR.,

Defendant-Appellant.

Before: K. F. KELLY, P.J., and MURRAY and SWARTZLE, JJ.

PER CURIAM.

Defendant, along with other assailants, brutally beat Louis Norris to death. Defendant was convicted of second-degree murder, MCL 750.317, and second-degree home invasion, MCL 750.110a(3). Defendant was resentenced following a previous appeal to this Court. *People v Carson*, unpublished per curiam opinion of the Court of Appeals, issued October 13, 2016 (Docket Nos. 326410 and 326760). Defendant now appeals his amended sentence, arguing that the trial court improperly scored offense variable (OV) 7. We affirm.

As discussed in the previous appeal, defendant beat the victim with his fists, a metal folding chair, and a two-and-a-half-foot rod. *Id.* at 1. The police discovered the victim's body on his front porch in the morning following the assault, and his head was covered in blood. *Id.* A later examination revealed that the victim had been killed by multiple blows to the head, one or more of which fractured his spine. *Id.*

Defendant was charged with first-degree murder, the lesser included offense of second-degree murder, two counts of felony murder, two counts of voluntary manslaughter, second-degree home invasion, and torture. The jury found defendant guilty for second-degree murder and second-degree home invasion, and not guilty on the other charges.

At his resentencing hearing, defendant argued that OV 7 was improperly scored at 50 points because the brutality involved in the crime was inherent in the crime of second-degree murder. The prosecutor responded that the trial court properly considered OV 7 for the brutality that went above the nature of the crime. The trial court scored 50 points for OV 7 because "the defendant engaged in excessive brutality." Specifically, the trial court stated that the evidence showed that

"the defendant struck the victim at least five times with a metal baseball bat which caused the victim to die of multiple blunt force injuries to [his] brain which triggered a heart attack."

Accordingly, the court resentenced defendant, as a third-offense habitual offender, to 20 to 40 years' imprisonment for the second-degree murder conviction and 10 to 20 years' imprisonment for the second-degree home invasion conviction, with the sentences running concurrently and defendant receiving credit for 2,640 days served.

Defendant now appeals, and he also moved this Court to remand the matter to the trial court "for expansion of the record on appeal" because the trial court did not address the previously unraised issue regarding whether defendant was improperly sentenced based on acquitted conduct.

When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "A finding of fact is clearly erroneous if, after review of the entire record, an appellate court is left with a definite and firm conviction that a mistake has been made." *People v Antwine*, 293 Mich App 192, 194; 809 NW2d 439 (2011) (cleaned up). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 949 Mich at 438. Additionally, this Court reviews de novo whether a trial court properly interpreted and applied the sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009).

Under OV 7, a court must assess points for the circumstance, with the highest number of pertinent points, applicable to the offense according to the following:

(a) A victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense……………………………….…………………50 points

(b) No victim was treated with sadism, torture, excessive brutality, or similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense……………..…………………………………….....0 points [MCL 777.37.]

"OV 7 is designed to respond to particularly heinous instances in which the criminal acted to increase [a victim's] fear by a substantial or considerable amount." *People v Rodriguez*, 327 Mich App 573, 578; 935 NW2d 51 (2019) (cleaned up; alteration in original). In this context, "excessive brutality means savagery or cruelty beyond even the 'usual' brutality of a crime." *People v Glenn*, 295 Mich App 529, 533; 814 NW2d 686 (2012). "[T]he 'similarly egregious conduct' clause is a discrete alternative to conduct that does constitute sadism, torture, or excessive brutality. In other words, if a defendant treated a victim with excessive brutality, 50 points should be scored under OV 7 even if the defendant did not intend to substantially increase the victim's fear and anxiety." *People v Walker*, 330 Mich App 378, 390; 948 NW2d 122 (2019). OV 7 focuses solely on conduct during the sentencing offense(s). *Id*.

Defendant first argues that the jury found him not guilty of torture and, thus, the trial court was precluded from scoring 50 points on OV 7 for torture because he was acquitted of that crime.

Neither the trial court nor the prosecutor, however, mentioned torture as a basis for the scoring of OV 7. Instead, the trial court scored defendant 50 points under OV 7 for exhibiting excessively brutal conduct, which is separate from the "torture" prong under OV 7. *Hardy*, 494 Mich at 441. Even though "trial courts cannot make factual findings at sentencing based on acquitted conduct," *People v Beesley*, 504 Mich 605, 629-630; 939 NW2d 213 (2019), defendant has failed to demonstrate that the trial court actually relied on acquitted conduct when imposing his sentence. "In the absence of evidence presented by a defendant demonstrating that a sentencing court actually relied on acquitted conduct when sentencing the defendant, the defendant is not entitled to resentencing." *People v Stokes*, 333 Mich App 304, 312; 963 NW2d 643 (2020).

Further, even though defendant's actions were arguably not intended to increase the victim's fear and anxiety, the trial court properly determined that defendant's conduct was excessively brutal under OV 7. Defendant's argument, that his actions were not more brutal than accounted for in the crime of second-degree murder, is without merit. Our Supreme Court has already held that repeatedly striking a victim with a bat, after he was already on the ground, was excessively brutal. *People v Hernandez*, 443 Mich 1, 17-18; 503 NW2d 629 (1993). Similarly, in this case, defendant repeatedly hit the victim in the head with multiple heavy objects and ultimately left the victim for dead on his own porch. Thus, we are not left with a definite and firm conviction that a mistake was made when the trial court scored 50 points to defendant for OV 7.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray
/s/ Brock A. Swartzle