PEOPLE v MICHAEL ANDERSON

Docket No. 301701. Submitted October 10, 2012, at Lansing. Decided
        October 23, 2012, at 9:05 a.m. Leave to appeal denied, 493 Mich
        955.
   A jury in the Schoolcraft Circuit Court convicted Michael J. Ander-
        son of arson of a dwelling, MCL 750.72, and acquitted him of two
        counts of attempted murder, MCL 750.91, for setting fire to the
        home of his adoptive parents while they slept inside. The court,
        Mark E. Luoma, J., sentenced him to 10 to 20 years' imprison-
        ment, an upward departure from the minimum sentence range
        recommended by the sentencing guidelines. Defendant appealed
        only his sentence.
        The Court of Appeals *held*:
        1. The trial court properly assessed 10 points for prior
   record variable (PRV) 6, MCL 777.56, which considers an
   offender's relationship to the criminal justice system. Under
   PRV 6, the trial court must assess 10 points if, at the time of the
   sentencing offense, the offender was on parole, probation, or
   delayed sentence status and zero points if the offender had no
   relationship to the criminal justice system. Defendant was on
   probation for one of his juvenile offenses at the time of the
   sentencing offense and argued that he thus had no relationship
   to the criminal justice system. Although proceedings involving
   juvenile offenders are generally not criminal proceedings, a
   juvenile adjudication constitutes criminal activity because it
   amounts to a violation of a criminal statute, even though that
   violation is not resolved in a criminal proceeding. Juvenile
   proceedings are closely analogous to the adversarial criminal
   process. The phrase "criminal justice system" is not limited to
   adversarial criminal proceedings, but is defined as the collective
   institutions through which an accused offender passes until the
   accusations have been disposed of or the assessed punishment
   concluded, including probation and parole. A juvenile can be
   placed on probation and can also be incarcerated for violating
   probation. Accordingly, defendant's prior juvenile adjudications
   supported the trial court's scoring of this variable.
        2. Under the legislative sentencing guidelines, a sentencing
   court may depart from the appropriate minimum sentence

range if it has a substantial and compelling reason for that departure and states its reasons on the record. In order to be substantial and compelling, the reasons must be objective and verifiable, that is, based on actions or occurrences external to the minds of those involved in the decision and capable of being confirmed. The reasons for departure must also be of considerable worth in determining the length of the sentence and should keenly or irresistibly grab the court's attention. The court may not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate minimum sentence range unless the court finds from the facts contained in the court record that the characteristic has been given inadequate or disproportionate weight. The trial court must justify on the record both the departure and the extent of the departure. In this case, the trial court erred as a matter of law by concluding that the sentencing guidelines did not account for the fact that defendant had terrorized the victims, and its determination that defendant should have done more to help the victims escape from the fire was not objective and verifiable. However, the departure was supported by other objective and verifiable factors that keenly grabbed the court's attention, including defendant's planning of the crime, the extreme nature of the victims' physical injuries, the victims' unusual level of psychological trauma, defendant's pattern of escalating violence toward the victims, and defendant's inability to benefit from counseling and consequent propensity to reoffend. The court's comments at sentencing, including its comment that any one of those reasons justified an upward departure, supported the conclusion that the court would have departed to the same degree on the basis of the valid reasons alone.

Affirmed.

1. SENTENCES — SENTENCING GUIDELINES — PRIOR RECORD VARIABLE 6 — RELATIONSHIP TO THE CRIMINAL JUSTICE SYSTEM — JUVENILE OFFENSES.

Prior record variable (PRV) 6, MCL 777.56, considers an offender's relationship to the criminal justice system; under PRV 6, the trial court must assess 10 points if, at the time of the sentencing offense, the offender was on parole, probation, or delayed sentence status and zero points if the offender had no relationship to the criminal justice system; juvenile adjudications create a relationship with the criminal justice system, and a sentencing court may assess 10 points for PRV 6 if a defendant was on probation for a juvenile offense at the time of the sentencing offense.

2. Sentences — Sentencing Guidelines — Departures from Sentencing
   Guidelines — Objective and Verifiable Factors — Assistance to
   Victims.

> Under the legislative sentencing guidelines, a sentencing court may
> depart from the appropriate minimum sentence range if it has a
> substantial and compelling reason for that departure and states its
> reasons on the record; in order to be substantial and compelling,
> the reasons must be objective and verifiable, that is, based on
> actions or occurrences external to the minds of those involved in
> the decision and capable of being confirmed; a determination that
> a defendant should have done more to help the victims escape the
> consequences of his or her crime is not objective and verifiable.

*Bill Schuette*, Attorney General, *John J. Bursch*,
Solicitor General, *Richard A. Bandstra*, Chief Legal
Counsel, *Peter J. Hollenbeck*, Prosecuting Attorney, and
*Elizabeth M. Rivard*, Assistant Attorney General, for
the people.

State Appellate Defender (by *Douglas W. Baker*) for
defendant.

Before: Fitzgerald, P.J., and Meter and Boonstra, JJ.

Per Curiam. A jury convicted defendant of burning a
dwelling, MCL 750.72, and acquitted him of two counts
of attempted murder, MCL 750.91, for setting fire to his
parent's[1] home while they slept inside. The trial court
sentenced defendant to a prison term of 10 to 20 years.
Defendant appeals as of right, raising issues related
only to his sentencing. We affirm.

### I. PRIOR RECORD VARIABLE 6

Defendant argues that the trial court erred by
assessing 10 points for prior record variable (PRV) 6,

---

[1] Defendant's legal parents are his biological grandfather and
stepgrandmother, who adopted him as a child. This opinion refers to
them simply as his parents throughout.

MCL 777.56. He contends that zero points should have been assessed for PRV 6. We disagree.

"This Court reviews a trial court's scoring decision under the sentencing guidelines to determine whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score." *People v Steele*, 283 Mich App 472, 490; 769 NW2d 256 (2009) (quotation marks and citation omitted). "Scoring decisions for which there is any evidence in support will be upheld." *People v Endres*, 269 Mich App 414, 417; 711 NW2d 398 (2006). "To the extent that a scoring challenge involves a question of statutory interpretation, this Court reviews the issue de novo." *People v Johnson*, 293 Mich App 79, 84; 808 NW2d 815 (2011).

"PRV 6 considers an offender's relationship to the criminal justice system." *Id.* The trial court is to assess 10 points against the defendant if, at the time of the sentencing offense, the offender is "on parole, probation, or delayed sentence status . . . ." MCL 777.56(1)(c). Zero points are to be assessed if the offender has no relationship to the criminal justice system. MCL 777.56(1)(e).

Defendant acknowledges that he was on probation at the time of the sentencing offense. He asserts, however, that he was on probation for a juvenile offense and that, because juvenile matters are not criminal in nature, he did not have a relationship to the criminal justice system. Defendant notes that proceedings involving juvenile offenders "[e]xcept as otherwise provided[2] . . . are not criminal proceedings," MCL 712A.1(2), and

---

[2] A proceeding involving a juvenile is a criminal proceeding if the juvenile is tried as an adult, see MCL 712A.2d, or if jurisdiction over the juvenile is waived to a court of general criminal jurisdiction, see MCL 712A.4.

that juvenile delinquency proceedings are not adversarial or criminal in nature, *In re Wilson*, 113 Mich App 113, 121; 317 NW2d 309 (1982). However, "[a] juvenile adjudication clearly constitutes criminal activity because 'it amounts to a violation of a criminal statute, even though that violation is not resolved in a "criminal proceeding." ' " *People v Harverson*, 291 Mich App 171, 180; 804 NW2d 757 (2010), quoting *People v Luckett*, 485 Mich 1076, 1076-1077 (2010) (YOUNG, J., concurring). As this Court has noted, juvenile proceedings "are closely analogous to the adversary criminal process." *In re Carey*, 241 Mich App 222, 227; 615 NW2d 742 (2000).

The phrase "criminal justice system" is not limited to adversarial criminal proceedings. Courts presume that the Legislature intended the plain meaning of the words it expressed. *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008). Black's Law Dictionary (9th ed) defines "criminal-justice system" as

> [t]he collective institutions through which an accused offender passes until the accusations have been disposed of or the assessed punishment concluded. The system typically has three components: law enforcement (police, sheriffs, marshals), the judicial process (judges, prosecutors, defense lawyers) *and corrections (prison officials, probation officers, and parole officers)*. [Emphasis added.]

A juvenile can be placed on probation. MCL 712A.18(1)(b). A juvenile can also be incarcerated for violating probation. MCL 771.7; MCL 712A.18i(9); MCL 712A.18i(10)(f). Juveniles on probation are involved with the corrections aspect of the criminal justice system. This Court has refused to "categorize a defendant as having no relationship with the criminal justice system when it is obvious that such a relationship exists." *Johnson*, 293 Mich App at 88. Accordingly,

defendant's prior juvenile adjudications supported the trial court's scoring of this variable.

## II. DEPARTURE FROM THE SENTENCING GUIDELINES

Alternatively, defendant argues that the trial court failed to articulate substantial and compelling reasons to exceed the recommended guidelines range for his minimum sentence.

Under the legislative sentencing guidelines, defendant's recommended minimum sentence range as a second-offense habitual offender was 57 to 95 months. However, it is well established that "[a] court may depart from the appropriate sentence range . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3). In order to be substantial and compelling, the reasons on which the trial court relied "must be objective and verifiable." *People v Smith*, 482 Mich 292, 299; 754 NW2d 284 (2008). "To be objective and verifiable, a reason must be based on actions or occurrences external to the minds of those involved in the decision, and must be capable of being confirmed." *People v Horn*, 279 Mich App 31, 43 n 6; 755 NW2d 212 (2008). The reasons for departure must also "be of considerable worth in determining the length of the sentence and should keenly or irresistibly grab the court's attention." *Smith*, 482 Mich at 299. However, "[t]he trial court may not base a departure 'on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record . . . that the characteristic has been given inadequate or disproportionate weight.' " *Id.* at 300, quoting MCL 769.34(3)(b). Moreover, "the statutory guidelines require more than an articulation of reasons for *a* departure; they require justification for the

*particular* departure made." *Smith*, 482 Mich at 303. Thus, "the trial court . . . must justify *on the record* both the departure and the extent of the departure." *Id*. at 313.

If the trial court departs from the sentencing guidelines, this Court reviews for clear error whether a particular factor articulated by the trial court exists. *People v Babcock*, 469 Mich 247, 264; 666 NW2d 231 (2003). A trial court's determination that a factor is objective and verifiable presents a question of law that this Court reviews de novo. *People v Uphaus (On Remand)*, 278 Mich App 174, 178; 748 NW2d 899 (2008). This Court reviews for an abuse of discretion the trial court's conclusion that the factors provide substantial and compelling reasons to depart from the guidelines. *Babcock*, 469 Mich at 264-265. The trial court abuses its discretion when its result lies outside the range of principled outcomes. *Id*. at 269; *Smith*, 482 Mich at 300.

In this case, the trial court articulated six primary reasons for its upward departure. The trial court found that defendant "deliberated this crime" and gave it "a great deal of thought" and that "the premeditated nature of that alone is not adequately considered by the guidelines." The court found that defendant meant to terrorize his parents and that this fact was not adequately considered by the guidelines. The court further stated that defendant had numerous opportunities to do something about his parents' safety, but that seemed to have been "a second thought in [his] mind." The court also found that offense variable (OV) 3, MCL 777.33 (physical injury to victim), did not adequately account for the severity of the prolonged nature of the pain from the burns the victims suffered. The court further found that the victims' psychological injuries exceeded the scope of OV 4, MCL 777.34 (psychological injury to victim), because the victims were defendant's parents. Finally, the court noted

reports from counselors regarding defendant's " 'pervasive pattern of disregard for and violation of the rights of others and failure to conform to social norms' " along with his escalating aggression against his parents and concluded that his parents and the public deserved to be protected from him. The trial court based its reasons for departure on the facts elicited at trial as well as the facts contained in the presentence investigation report (PSIR). A trial court's reason for departure is objective and verifiable when it relies on the PSIR or testimony on the record. See *People v Gonzalez*, 256 Mich App 212, 228-229; 663 NW2d 499 (2003). Defendant argues, however, that the legislative sentencing guidelines already took into account the trial court's reasons for departure.

### A. PLANNING AND DELIBERATION

The trial court's first basis for departure was its finding that the guidelines did not account for the fact that defendant planned and deliberated the crime. Defendant argues that planning is part of committing arson and therefore cannot be a substantial and compelling factor. We disagree. Defendant joked with his friends earlier in the day about "taking his grandfather out." Defendant attempted to get a friend to assist him in burning down the house. Defendant walked to the garage, obtained gasoline, and placed it in and around the house. An accelerant was also found underneath the bedroom windows. Defendant admitted his actions and explained that he was angry with his parents.

The prosecution and defendant both attempt to characterize defendant's attempt to get help after starting the fire as a separate reason behind the trial court's deviation from the guidelines, but the trial court considered defendant's attempt to enlist assistance in the midst of discussing how defendant planned and thought

about the crime. Defendant's attempt to enlist assistance is a logical fact supporting the trial court's conclusion that defendant planned and thought about the crime. The trial court properly considered defendant's attempt to enlist aid in the context of considering defendant's planning and deliberation. Accordingly, the trial court did not abuse its discretion when it found that defendant's planning and deliberation constituted a substantial and compelling reason to depart from the guidelines. Defendant's actions in planning and deliberating the arson were objective and verifiable.

### B. TERRORIZING THE VICTIMS

The trial court's second basis for departure was its finding that the sentencing guidelines did not adequately account for defendant's intent to terrorize the victims. OV 7 addresses aggravated physical abuse. MCL 777.37(1). OV 7 should be scored when a person was placed in danger of injury or loss of life. MCL 777.37(2). A score of 50 points is warranted when "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). However, the trial court did not assess points under OV 7. OV 7 could have been scored to account for the victims' fear and anxiety that resulted as a result of waking up to find their home on fire and their escape route blocked by fire, and the trial court did not satisfactorily explain why a score for that variable would have been inadequate to account for defendant's conduct in this regard.

### C. FAILURE TO ASSIST

The trial court's third basis for departure was that defendant did nothing to assist the victims when the fire broke out. Whether defendant could have done

more to assist the victims is not objective and verifiable. *People v Abramski*, 257 Mich App 71, 74; 665 NW2d 501 (2003). The trial court stated that defendant "did have an opportunity to do something about [his] parents' safety" but instead left, went to his friend's house, and only attempted to call 911 after the house was "lighting up the night sky." The trial court further stated that "panic or not, the very first thought that should have gone through your mind is to get your parents out of that home. And that seems to be a second thought in your mind." What defendant was or should have been thinking and what other actions defendant could have taken to assist his parents are not occurrences external to the mind and are not capable of being confirmed. Therefore, the trial court should not have used this factor as a reason to depart upward from the sentencing guidelines.

### D. INJURIES

The trial court's fourth basis for departure was that the severity of the victims' prolonged pain as a result of their injuries was not adequately taken into account by OV 3. The trial court may not base a departure on characteristics already considered by the guidelines unless it finds that the characteristics were given inadequate or disproportionate weight. MCL 769.34(3)(b); *Smith,* 482 Mich at 300. Repercussions from crimes that "are to be expected" do not usually constitute substantial and compelling reasons to depart from the sentencing guidelines. *Smith,* 482 Mich at 301-302. However, if the repercussions are a "wide deviation from the norm" they can be substantial and compelling reasons for departure. *Id.* at 302.

The trial recognized that OV 3 accounted for the victims' injuries, but determined that in this case the

guidelines afforded the injuries inadequate weight. MCL 777.33(1)(c) directs the trial court to assess 25 points for OV 3 if "[l]ife threatening or permanent incapacitating injury occurred to a victim." The trial court noted that OV 3 had been scored in this case, but concluded that "the scoring was not adequate considering that these were burns, that the pain is prolonged," and that the victims had not just suffered from the incapacitating nature of the injuries but "suffer[ed] the pain of the injuries that are exceedingly severe."

The fact that the victims suffered extreme burns over much of their bodies is objective and verifiable and keenly grabs this Court's attention. Defendant's mother detailed her pain and injuries in her victim impact statement. The victims' "massive" burns were established at trial. The victims testified about their injuries, some of which were still present at the time of trial. They testified that they were still on medication for the injuries and were still undergoing treatment. Further, it is common knowledge that severe burns produce serious, long-lasting pain. The existence of the victims' unusually severe burn injuries was objective and verifiable, and the trial court did not abuse its discretion when it determined that the severity of those injuries was a substantial and compelling reason in support of its sentencing departure.

### E. PSYCHOLOGICAL HARM

The fifth basis for the trial court's departure was that OV 4 did not adequately account for the victims' psychological harm. OV 4 considers "psychological injury to a victim." MCL 777.34(1). The instructions provide that 10 points are to be assessed "if the serious psychological injury may require professional treatment." MCL 777.34(2). The trial court assessed 10 points for OV 4.

However, the trial court concluded that the victims' suffering was not adequately addressed by the guidelines. Beyond the trauma associated with the fire, defendant's mother stated that she has had to endure her family members' "horror of realizing that the pain was the result of the actions of family member [sic] that they loved and cared for." She continued to feel "frightened, vulnerable, heart-broken, angry, confused, embarrassed, and sad most of the time." She was not sure if her family would ever be the same and was "not even comfortable being with my other family members other than my husband." At sentencing, she testified that she felt as if she had failed defendant. Although OV 4 accounts for psychological injuries suffered by victims, it does not adequately consider the ways in which an offense affects familial relationships, see *People v Armstrong*, 247 Mich App 423, 425-426; 636 NW2d 785 (2001), nor does it always account for the unique psychological injuries suffered by individual victims, see *Smith*, 482 Mich at 302. Under the circumstances of this case, the trial court did not err by finding that the guidelines did not adequately account for the psychological injuries suffered by the victims. Consequently, this was a substantial and compelling reason to depart upward from the guidelines.

F. PUBLIC SAFETY

The trial court's sixth basis for departing from the guidelines was that defendant had a propensity to reoffend and was therefore a threat to public safety. A court's opinion or speculation about a defendant's future dangerousness is not objective or verifiable. *People v Cline*, 276 Mich App 634, 651; 741 NW2d 563 (2007). But the trial court may base a sentencing departure on a defendant's future dangerousness if objective and verifiable facts support the court's conclusion, such as

the defendant's past failures to rehabilitate or demonstrated "obsessive or uncontrollable urges to commit certain offenses." *Horn*, 279 Mich App at 45. Recurring and escalating acts of violence are objective and verifiable because they are external occurrences that can be confirmed. *Id.* at 46.

In this case, the trial court based its conclusions on objective and verifiable facts. The court noted that defendant had been "diagnosed with symptoms of oppositional defiant disorder" and had not benefitted from the various forms of counseling he had received from a young age. Defendant had threatened, stolen from, and damaged the property of his parents on "numerous occasions." The trial court determined that defendant's "escalation of violence" toward his parents was not adequately addressed by the sentencing guidelines. The trial court did not simply state that it thought defendant had a propensity to reoffend—it supported its conclusion with objective, verifiable, external determinations.

The trial court did not abuse its discretion when it determined that those facts were a substantial and compelling reason to depart upward from the sentencing guidelines. The court noted that a counseling report recommended that defendant receive counseling while in prison. The court concluded that defendant's parents and the public needed protection from defendant for a significant period of time. The trial court did not abuse its discretion when it determined that defendant's history of violence toward his parents and his inability to benefit from previous counseling justified an upward departure from the guidelines.

### G. UPWARD DEPARTURE

Defendant is not entitled to resentencing because, even though the trial court erred in some respects, the

court made it clear that it would have departed to the same degree even without those errors. When the trial court articulates several substantial and compelling reasons, if some of the reasons are valid and others are not, this Court must determine whether the trial court would have departed to the same degree on the basis of the valid reasons alone. See *Babcock*, 469 Mich at 273. If the trial court would have imposed the same sentence regardless of a misunderstanding of the law, this Court may affirm. *People v Schaafsma*, 267 Mich App 184, 186; 704 NW2d 115 (2005).

The trial court erred as a matter of law when it concluded that the guidelines did not account for the defendant's actions in terrorizing the victims. The trial court also did not rely on an objective and verifiable factor when it determined that defendant should have done more to assist his parents to escape from the fire. However, the trial court's upward departure was supported by other objective and verifiable factors that keenly grabbed the court's attention, including the planning defendant engaged in, the extreme nature of the victims' injuries, the victims' unusual level of psychological trauma, defendant's pattern of escalating violence toward the victims, and defendant's inability to benefit from counseling. The trial court stated that it thought that any one of the reasons it articulated justified an upward departure. Given the court's comments, we are satisfied that the court would have departed to the same degree on the basis of the valid reasons alone.

Affirmed.

FITZGERALD, P.J., and METER and BOONSTRA, JJ., concurred.