*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHANE WESLEY GILLETTE,

Defendant-Appellant.

UNPUBLISHED
December 12, 2019

No. 344589
Manistee Circuit Court
LC No. 16-004582-FH

Before: SWARTZLE, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the sentence imposed by the trial court following the revocation of defendant's probation which the trial court imposed after his conviction by a jury of possession with intent to deliver marijuana in violation of MCL 333.7401(2)(d)(*iii*), a felony punishable up to a four-year maximum imprisonment. The trial court originally sentenced defendant to serve 42 months' probation with nine months in jail, but because he violated his probation the court extended his jail term to 12 months. Upon release, defendant again violated his probation resulting in supervised probation. Later he again violated his probation and pleaded guilty to two additional probation violations resulting in the revocation of his probation. The trial court sentenced defendant to 32 months to 48 months' imprisonment with 472 days credit for time served in jail. We affirm.

## I. STATEMENT OF FACTS

On May 2, 2016, a jury convicted defendant of possession of marijuana with intent to deliver in violation of MCL 333.7401(2)(d)(*iii*). The sentencing guidelines recommended a minimum sentence of 2 to 17 months' imprisonment. The trial court sentenced defendant in July 2016 to 42 months' probation with nine months to be served in jail as a condition of probation.

---

[1] *People v Gillette*, unpublished order of the Court of Appeals, issued November 14, 2018 (Docket No. 344589).

During his jail term, defendant violated probation by engaging in abusive behavior toward a probation officer and toward two inmates. Defendant appealed his original conviction and one of the probation violation convictions. This Court affirmed both convictions. *People v Gillette*, unpublished opinion per curiam of the Court of Appeals, issued October 17, 2017 (Docket Nos. 334099; 336891).

After completing his 12-month jail term, defendant began supervised probation in the community. Three months later, in July 2017, he again violated his probation by consuming alcohol. The sentencing court permitted him to continue on supervised probation.

Defendant's probation agent instructed him to undergo a substance abuse assessment and attend treatment if the assessment indicated that he needed to do so. During the assessment on December 5, 2017, defendant became agitated, argumentative, and aggressive with the counselor after she informed him that he needed to complete treatment. Because of his conduct the counselor asked defendant to leave. Defendant responded by pounding his fist on the counselor's desk, yelling at her, and pointing his finger in her face. He refused to leave and told the counselor that she could call the police if she wanted because he had already had contact with them. He eventually left of his own accord. Then on December 10, 2017, while at Michigan Works, because of his conduct, police were called. Defendant did not report his encounter with the police to his probation agent.

Defendant pleaded guilty to two counts of violating the terms of his probation by engaging in assaultive, abusive, threatening, or intimidating behavior toward the counselor, and by having contact with police and not reporting it to his probation officer. Defendant admitted that he pounded his fist on the counselor's desk and intimidated her. He also admitted that he had contact with the police at Michigan Works because the police were called and admitted that he failed to inform his probation agent of that contact.

Before defendant's sentencing hearing, the Michigan Department of Corrections prepared an update to his original Presentencing Investigation Report (PSIR) probation violation reports that described a total of eight probation violations committed by defendant since being sentenced to probation. The PSIR informed the sentencing court of the severity of the violations which included incidents of repeated assaultive, abusive, threatening, or intimidating behavior on several occasions.

At the sentencing hearing held on February 5, 2018, the sentencing court first noted that defendant's PSIR had been updated and inquired whether defendant reviewed it and had any objections, and desired anything added, corrected, or deleted from it. Defendant acknowledged that he reviewed it and that he had no changes to it. Defendant remarked that the updated PSIR did not recommend completion of probation and treatment. When the sentencing court discussed the issue, defendant stated that the PSIR indicated that he lacked eligibility to participate in the Special Alternative Incarceration Program (SAI). The court informed defendant that the PSIR did not state that he was not eligible but offered the opinion that he would not be successful in such program. The court told defendant that if it sent defendant to prison the Michigan Department of Corrections would likely seek input from the court regarding his participation in SAI.

The sentencing court expressed concern because defendant failed to progress on probation. The sentencing court recited the factual background and considered the numerous incidents that led to the revocation of defendant's probation. The court noted that defendant previously engaged in similar behavior and continued to engage in assaultive, abusive, threatening, or intimidating behavior. The court considered that defendant had spent a significant portion of his probation in jail beyond the initial jail sentence because of such behaviors. The court explained that it initially sentenced defendant to probation in an effort to rehabilitate him.

The sentencing court remarked to defendant that it had been optimistic that defendant could successfully complete probation but he failed to do so. The court explained that it could not allow someone who repeatedly engaged in the type of behavior defendant committed while on probation to remain out on probation in the community. The sentencing court stated that the benefits of probation had been exhausted in defendant's case. Therefore, the sentencing court revoked defendant's probation and ordered that he be committed to the Michigan Department of Corrections for a minimum term of 32 months to the statutory maximum of four years with credit for time served.

## II. STANDARD OF REVIEW

We review a trial court's upward departure from a defendant's calculated guidelines range for reasonableness. *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015). We review for an abuse of discretion the reasonableness of a sentence imposed by a sentencing court. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). A sentencing court abuses its discretion if the departure sentence violates the principle of proportionality, which requires sentences "to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 460, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

## III. ANALYSIS

Sentencing courts must consider the sentencing guidelines when issuing a sentence after the revocation of a defendant's probation. *People v Hendrick*, 472 Mich 555, 560; 697 NW2d 511 (2005). In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines are advisory rather than mandatory. *Lockridge*, 498 Mich at 391. Nevertheless, a sentencing court must consult the applicable sentencing guidelines range and consider it when imposing a sentence and "must justify the sentence imposed in order to facilitate appellate review." *Id*. at 391-392 (citations omitted).

"If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made." MCL 771.4 "While the sentencing court *may* sentence the probationer in the same manner and to the same penalty, nothing in the statute requires it to do so." *Hendricks*, 472 Mich at 562 (emphasis in original). Notwithstanding that the sentencing court is actually resentencing on the original offense, it may consider defendant's conduct while on probation and other factors for resentencing. *Id*. at 562-563. If the sentencing court imposes a departure sentence, it must be

reasonable based on the principle of proportionality outlined in *Milbourn*. *Steanhouse*, 500 Mich at 462.

Defendant argues that the sentencing court did not justify departing from the sentencing guidelines recommendation that he serve a minimum sentence of 2 to 17 months' imprisonment. We disagree.

"The first inquiry in our reasonableness review is whether there were 'circumstances that are not adequately embodied within the variables used to score the guidelines.' " *People v Steanhouse (On Remand)*, 322 Mich App 233, 239; 911 NW2d 253 (2017), vacated in part on other grounds ___ Mich ___; 933 NW2d 276 (2019) quoting *Milbourn*, 435 Mich at 659-660. "[T]he sentencing court is not precluded from considering events surrounding the probation violation when sentencing the defendant on the original offense." *People v Hendrick*, 472 Mich 555, 557; 697 NW2d 511 (2005). A trial court may upwardly depart from the sentencing guidelines range on the basis of a defendant's threat to public safety if there are objective and verifiable facts to support the trial court's determination. *People v Anderson*, 298 Mich App 178, 189-190; 825 NW2d 678 (2012). A defendant's past struggles to rehabilitate may support this finding. *Id*. at 190.

In this case, the record reflects that the trial court considered the original offense and the offender but also reflected upon defendant's multiple serious violations of the conditions of his probation to which he admitted his guilt and did not dispute that he committed the conduct warranting the revocation of his probation. Defendant's probation violations included criminal conduct involving making threatening statements to a jail officer, physically assaulting other inmates, and making aggressive, abusive and intimidating behaviors toward a substance abuse counselor. The trial court expressed concern that it could not place defendant in society because of the way he interacted with others which demonstrated that efforts toward his rehabilitation through probation failed. Defendant's original sentencing guidelines range calculation did not and could not take into account any of the criminal conduct that defendant committed during his probation.

The sentencing court imposed defendant's sentence based on his history of total disregard for the law and legal system, his engagement in new and violent criminal behavior, his failure to comply with his probation conditions, and failure to rehabilitate. The sentencing court imposed a reasonable and proportionate sentence under the circumstances presented in this case. Because of defendant's repeated history of disrespect for the legal system, and his demonstrated inability to comply with probation even after a jail sentence, the trial court did not abuse its discretion by imposing a prison sentence of 32 months to 48 months' imprisonment.

Affirmed.

/s/ Brock A. Swartzle
/s/ Jane E. Markey
/s/ James Robert Redford