*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

BRIAN WILLIAM HELFERT,

Defendant-Appellant.

UNPUBLISHED
June 25, 2026
9:28 AM

No. 370817
Menominee Circuit Court
LC No. 2022-004431-FH

Before: REDFORD, P.J., and WALLACE and LIEVENSE, JJ.

PER CURIAM.

Defendant, Brian William Helfert, appeals as of right his 9- to 15-year sentence for second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(e) (weapon used). We affirm.

## I. BACKGROUND

Defendant was a police officer who worked in various Menominee County schools. In 2006, he began tutoring a sophomore, EJ. When EJ reached the eleventh grade, defendant began to coerce him into allowing defendant to touch EJ's genitals under the pretense of applying aftershave lotion, performing testicular cancer checks, and applying hemorrhoid medication. Defendant did so in his police uniform, which included a holstered pistol. Defendant also provided EJ with gifts and money. This conduct continued through EJ's graduation, after which EJ moved into defendant's home, and the sexual contact continued. During defendant's trial, two other students testified that defendant likewise sexually abused them, one of whom estimated that defendant had abused him 40 times.

The jury convicted defendant of CSC-II and his minimum sentencing guidelines range was calculated at 29 to 57 months' incarceration after the PSIR assessed defendant's total prior record variable (PRV) score of zero and his total offense variable (OV) score of 175. Defendant successfully challenged several scoring assessments for different OVs at sentencing, but the trial court denied defendant's argument to change the assessment of OV 7 from 50 points to zero. Defendant's overall OV score remained at 125 points, and his minimum sentencing guidelines range remained the same. The trial court then addressed defendant's repeated and escalating conduct as well as defendant's use of his police uniform, weapon, and car to cajole students into

sexual conduct, and the trial court upwardly departed from the minimum sentencing guidelines range before sentencing defendant as described above.

Defendant now appeals.

## II. OFFENSE VARIABLE 7

Defendant first argues that OV 7 was incorrectly assessed at 50 points. We disagree.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

It is a due-process violation for a defendant to be sentenced on the basis of materially untrue information. See *Townsend v Burke*, 334 US 736, 740-741; 68 S Ct 1252; 82 L Ed 1690 (1948). "A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence." *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). "In scoring OVs, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *People v Horton*, 345 Mich App 612, 616; 8 NW3d 622 (2023). "The trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *Id*. (quotation marks and citation omitted).

At the time of the offense, MCL 777.37 provided as follows:

(1) Offense variable 7 is aggravated physical abuse. Score offense variable 7 by determining which of the following apply and by assigning the number of points attributable to the 1 that has the highest number of points:

(a) A victim was treated with sadism, torture, excessive brutality, or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense ……………………………..……..……..……..……..……..……. 50 points

(b) No victim was treated with sadism, torture, excessive brutality, or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense ……………………………………..……..……..……..…0 points

(2) Count each person who was placed in danger of injury or loss of life as a victim.

(3) As used in this section, "sadism" means conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification.

Our Supreme Court has provided guidance regarding the language in this statute:

> The phrase begins with the words "conduct designed." "Designed" means "to intend for a definite purpose." Thus, the word "designed" requires courts to evaluate the intent motivating the defendant's conduct. Next, we come to the words "substantially increase." "Substantial" means "of ample or considerable amount, quantity, size, etc." To "increase" means "to make greater, as in number, size, strength, or quality; augment." Applying these definitions to the relevant text, we conclude that it is proper to assess points under OV 7 for conduct that was intended to make a victim's fear or anxiety greater by a considerable amount. [*Hardy*, 494 Mich at 440-441,[1] quoting *Random House Webster's College Dictionary* (2001) (citations omitted).]

"[C]ircumstances inherently present in the crime" are appropriately considered when assessing OV 7. *Id*. at 443. "The relevant inquiries are (1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount." *Id*. at 443-444. "Because of the difficulty in proving an actor's intent, only minimal circumstantial evidence is necessary to show that a defendant had the requisite intent." *People v Smith*, 336 Mich App 297, 308; 970 NW2d 450 (2021) (quotation marks and citation omitted).

We conclude that when a sworn law enforcement officer, who for years is assigned as a school safety officer and school resource officer, regularly preys upon an adolescent for about two years when the victim is in high school, and commits multiple acts of sexual abuse, while on school property, in the school building in full uniform and armed with a weapon, in a private place, against the student, all under the guise of helping, mentoring, and tutoring the student, this conduct was designed to substantially increase the fear and anxiety of the victim so as to allow this brutal and anxiety-causing conduct to continue. The trial court's consideration of the facts and OV 7 at sentencing was appropriate, particularly where, as here, defendant's "grooming" of his victim continued during the offense conduct. Accordingly, we hold that OV 7 was correctly scored by the trial court in this matter.

We pause here to note that defendant would not be entitled to resentencing even if we agreed with his position on this issue because scoring OV 7 at zero points would not change his placement in the sentencing grid. "Where a scoring error does not alter the appropriate guidelines range, resentencing is not required." *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Defendant's total PRV score was zero, and his total OV score, with OV 7 assessed at 50 points, was 125. With OV 7 assessed at zero points, his total OV score would be 75. CSC-II is a class C offense. MCL 777.16y. A defendant with 75 or more OV points is at OV level VI. MCL 777.64. Because defendant's proper OV score would still be at least 75 points, his position in the sentencing grid would not change, and, therefore, he would not be entitled to resentencing.

---

[1] We note that MCL 777.37 was amended in 2016, subsequent to *Hardy*. See *People v Rodriguez* 327 Mich App 573, 580-581; 935 NW2d 51 (2019). However, the instant case arose out of incidents that occurred when the prior version of the statute analyzed by *Hardy* was in effect.

III. DEPARTURE SENTENCE

Defendant further argues that the trial court erred by departing upwards from the minimum sentencing guidelines range for improper reasons. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). This Court reviews the sentence for reasonableness by reviewing "whether the trial court abused its discretion by violating the principle of proportionality set forth in our decision in" *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017).

Sentencing guidelines are advisory; the sentencing court must consult the guidelines and take them into account when sentencing a defendant, but the sentencing court has discretion to depart from the guidelines range if it justifies its departure. *Lockridge*, 498 Mich at 391-392. Under the principle of proportionality, sentences imposed by the trial must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), superseded by statute on other grounds as stated in *People v Armisted*, 295 Mich App 32, 51; 811 NW2d 47 (2011). "[R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range . . . include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight[.]" *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (citations omitted). When the court justifies its departure sentence, it must explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been[.]" *Id*. (quotation marks and citation omitted).

MCL 769.34(3) states that a sentence may depart from the appropriate sentencing guidelines range if such departure is reasonable and the court states the basis for the departure on the record. Further, "[t]he court shall not use an individual's gender, race, ethnicity, alienage, national origin, legal occupation, lack of employment, representation by appointed legal counsel, representation by retained legal counsel, appearance in propria persona, or religion to depart from the appropriate sentence range," nor shall it "base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3).

"When the trial court articulates several substantial and compelling reasons, if some of the reasons are valid and others are not, this Court must determine whether the trial court would have departed to the same degree on the basis of the valid reasons alone." *People v Anderson*, 298 Mich App 178, 191; 825 NW2d 678 (2012). "If the trial court would have imposed the same sentence regardless of a misunderstanding of the law, this Court may affirm." *Id*.

We conclude the trial court's enumerated factors supporting a departure reflect its determination that the sentencing guidelines did not consider or place sufficient weight on defendant's conduct in this case. While OV 10 provides for 15 points when "[p]redatory conduct was involved," defendant engaged in such conduct for over a decade and manipulated EJ specifically into unwanted sexual conduct for several years. The trial court's finding that the

-4-

offense variables did not sufficiently account for defendant's pattern of long-term grooming and manipulation was therefore appropriate and justified an upward departure. Likewise, defendant engaged in significantly more than three offenses against EJ, so the trial court did not err when it decided that OV 13, which provides 25 points for three or more crimes against a person, did not adequately contemplate the amount of offenses defendant engaged in.

Defendant argues on appeal that, when the trial court stated that defendant targeted "vulnerable boys, never girls, vulnerable boys," the court's statement reflected an inappropriate consideration of gender contrary to MCL 769.34(3)(a). Read in a vacuum, it could be correct that such a statement would be inappropriate. However, when considered in the context of the record in this case, we believe the trial court was commenting on the fact that defendant's activities in mentoring teenagers lacked any altruistic intent because, rather than mentoring both boys and girls alike, defendant mentored only students that fit within his target group of victims, i.e., minor teenage boys. Nevertheless, even if we deemed this statement to be inappropriate, as defendant asserts, it was isolated, and the valid reasons that the trial court gave for the departure were sufficient to justify the nine-year sentence.

Defendant engaged in multiple instances of criminal sexual conduct that continued for years. The trial court reasonably felt that the offense variables did not give sufficient weight to defendant's pattern of using his status as a police officer in a school to groom and manipulate students, or the extent of defendant's abuse of the victims, which is a valid reason for a departure under MCL 769.34(3)(b). Overall, the departure sentence is proportional to the offense and the offender.

Affirmed.

/s/ James Robert Redford
/s/ Randy J. Wallace
/s/ Andrew J. Lievense